UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DELINY S., <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Deputy Commissioner of Operations, performing duties and functions not reserved to the Commissioner of Social Security, <br><br> Defendant. | No. CV 17-06328-DFM <br><br> MEMORANDUM OPINION AND ORDER |

Deliny S. ("Plaintiff") appeals the Commissioner's final decision denying her applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").[1] The Commissioner's decision is affirmed and this matter is dismissed with prejudice.

## I. BACKGROUND

On May 1, 2015, Plaintiff protectively filed applications for SSI and DIB, alleging disability beginning January 12, 2015. See Dkt. 20,

---

[1] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

Administrative Record ("AR") 131-42. After being denied on July 10, 2015, Plaintiff timely requested and received a hearing before an Administrative Law Judge ("ALJ") on January 26, 2017. See AR 70-89, 95-124. At the hearing, the ALJ heard testimony from Plaintiff, an impartial medical expert, and an impartial vocational expert ("VE"). See AR 27-48.

On March 9, 2017, the ALJ issued an unfavorable decision finding Plaintiff not disabled. See AR 13-26. The ALJ determined that Plaintiff had the severe impairments of right carpal tunnel syndrome, hypertension, migraine headaches, and acid reflux. See AR 19. The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following limitations: could lift/carry 20 pounds occasionally and 10 pounds frequently; could stand/walk/sit for 6 hours in an 8-hour workday; and could frequently reach, handle finger, and feel. See AR 19-20.

Based on the evidence of record, the ALJ determined that Plaintiff had acquired work skills from past relevant work that were transferrable to other occupations with jobs existing in significant numbers in the national economy, including short order cook, Dictionary of Occupational Titles 313.374-014. See AR 22. Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act. See AR 22-23.

The Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 1-6. This action followed. See Dkt. 1.

## II. DISCUSSION

Plaintiff contends that the ALJ's decision is not supported by substantial evidence given the new medical evidence submitted to the Appeals Council. See Dkt. 26, Joint Statement ("JS") at 4.

When Plaintiff requested Appeals Council review of the ALJ's decision, she submitted a brief with additional evidence: a physical residual functional

capacity questionnaire completed by Dr. Jaz S. Chu on June 7, 2017. See AR 231-32, 327-29. The Appeals Council found that "this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not consider and exhibit this evidence." AR 2.

As other courts have pointed out, the Appeals Council's statement is ambiguous, i.e., it is not clear how the Appeals Council determined that the new evidence would not impact the outcome while simultaneously not considering it. See, e.g., Mayeda-Williams v. Comm'r of Soc. Sec. Admin., No. 18-0009, 2019 WL 157918, at *5 (D. Ak. Jan. 10, 2019) (describing Appeals Council's statement as "ambiguous" but assuming it considered the new evidence); West v. Berryhill, No. 18-00092, 2019 WL 362259, at *5 (D. Haw. Jan. 29, 2019) (remanding to avoid speculating "whether and/or [to] what extent the Appeals Council assessed [the new evidence]").

Like Mayeda-Williams, the Court believes that the Appeals Council's explanation most plausibly means that it considered Dr. Chu's questionnaire and determined that it would not change the outcome of Plaintiff's case. See 20 C.F.R. § 404.970(a)(5) (2019) (stating that the Appeals Council will review a case if it receives additional evidence that is new, material, relates to the period on or before the hearing decision, and provides a reasonable probability that the outcome of the hearing decision would change). "[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence.'" Decker v. Berryhill, 856 F.3d 659, 664 (9th Cir. 2017) (quoting Brewes v. Comm'r of Social Sec. Admin., 682 F.3d 1157, 1163 (9th Cir. 2012)).

The Court concludes that the ALJ's decision is supported by substantial evidence because Dr. Chu's questionnaire was unlikely to change the outcome

of this case. Dr. Chu opined that Plaintiff had significant limitations due to osteoarthritis of the knees and carpal tunnel syndrome. See AR 327-29. But Plaintiff alleged disability with an onset date of January 12, 2015, and there is no mention of knee problems in either Plaintiff's disability application or hearing testimony. See AR 27-48 (testifying as to carpal tunnel syndrome and migraines), 164 (listing right arm problems, high blood pressure, anxiety, and acid reflux). In addition, it is unclear on what diagnostic studies Dr. Chu relied: the interpreting clinician found the nerve conduction study included in the record to be "mildly abnormal" and "quote close to normal." AR 262, 286. The few records from Dr. Chu refer to Plaintiff's "stable" carpal tunnel and there is no evidence of any significant findings. See AR 291, 301, 304-05. Consequently, the ALJ's finding of nondisability is supported by substantial evidence.

## III. CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is affirmed and this action is dismissed with prejudice.

Date: March 19, 2019

DOUGLAS F. McCORMICK
United States Magistrate Judge